By the Court.
As we understand the effect of the plaintiffs proceedings in equity, the assignment to the receiver vested in him all the title and interest which the defendant had in this personal property, when the bill was filed. If the defendant had any interest, upon which an execution could then be levied, it was transmitted to the receiver. The alleged fraudulent transfer of the goods, though valid against the defendant, could not *626 prevent his creditors from proceeding to vacate it in the name of any person to whom his title was passed by operation of law. An assignee in bankruptcy or insolvency, as well as a receiver in a creditor’s suit, may proceed to set aside the fraudulent transfer. In this case, the plaintiffs had two remedies under their equity proceeding, to reach the property in question. They could amend their bill and make F. L. Warner a party to the suit; or they could institute a distinct suit in the name of the receiver, to set aside the alleged fraudulent conveyance.
We think they were not at liberty to go back, and treat the property as being still vested in the defendant, and resort anew to-an execution at law, pending their suit in equity.
The authorities to which the plaintiff’s counsel referred, are not applicable, for the reason that in them there had been no-transfer to a receiver, and the plaintiffs, by their suit in equity, had acquired no more than an equitable lien.
It was objected to the motion, that the defendant, has no interest in the matter, and that a motion in his behalf ought not to be entertained. In this the plaintiffs are clearly mistaken. A motion to set aside an execution for irregularity, can only be made by the defendant. The court will not hear a stranger on such an application. And there may be very good reasons why in this case, the defendant should not have two distinct remedies pursued against him for the same matter, at the same time.
The defendant insists that the order at chambers should have been absolute, for the reason that the plaintiffs had already made their election to proceed in equity. We need not review the order on this point, as the defendant has not appealed.
Appeal dismissed.